McDONALD, J.,
dissenting.
Sometimes we make a mistake when we grant a petition for certiorari. When we do, we should admit it and correct it, even if the correction is couched in passive voice and a five-syllable adverb (“dismissed as improvidently granted”). But, for the reasons that Judge Adkins explains well, that is not this case. It is “desirable and in the public interest” that we resolve the issue of how an insurance contract such as the one in this case should be construed under Maryland common law.
As an aside, I note that the five-vote majority in favor of dismissing this petition is the minimum that ought to be necessary for dismissing a petition. An explanation: Under the longstanding practice of this Court, consistent with the statute that sets forth our certiorari jurisdiction, a petition for certiorari is granted if three judges vote to do so (even if four judges do not favor granting the petition). See Inner Workings of the Court of Appeals of Maryland, <http://www. *65 mdcourts.gov/coappeals/coaoverview.html>.[1] If a petition, once so granted, could be immediately dismissed on an identical 4-3 vote, it would be at odds with the three-vote standard for granting petitions and with the statute that caps the requisite number of votes at three. See Maryland Code, Courts & Judicial Proceedings Article, § 12-203 (“The Court of Appeals may by rule provide for the number of its judges who must concur to grant the writ of certiorari in any case, but that number may not exceed three”) (emphasis added). The upshot is that we should not dismiss a petition as improvidently granted unless we do so by a super-majority vote of at least 5-2.[2]

. If only five members of the Court are available to consider a petition, the Court has required only two affirmative votes to grant the petition. Glenn T. Harrell, Jr., To Certiorari and Beyond (January 18, 2012) at p. 3 n. 4.

. A similar question has arisen, from time to time, in the United States Supreme Court where the nine justices apply what is known as the "Rule of Four” to grant petitions for certiorari — i.e., a petition is granted if at least four of the nine justices concur in the grant. On occasion, that Court has dismissed a case, by a 5-4 vote, on the ground that the petition was "improvidently granted.” It has been pointed out that such an action is inconsistent with the "Rule of Four.” United States v. Shannon, 342 U.S. 288, 298, 72 S.Ct. 281, 96 L.Ed. 321 (1952) (Douglas, J., dissenting) ("If four can grant and the opposing five dismiss, then the four cannot get a decision of the case on the merits. The integrity of the four-vote rule on certiorari would then be impaired.”); Ferguson v. Moore-McCormack Lines, 352 U.S. 521, 560, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957) (Harlan, J., concurring and dissenting) ("permitting the ... writ to be thus undone would undermine the whole philosophy of the 'rule of four' ”); R. Revesz & P. Karlan, Nonmajority Rules and the Supreme Court, 136 U. Penn. L.Rev. 1067, 1082-95 (1988). Nevertheless, the Supreme Court has sometimes dismissed a case on such a vote.
There is an important distinction between our Court and the Supreme Court here. When the Supreme Court dismisses a case on the ground that the petition for certiorari was improvidently granted on a 5-4 vote, in contradiction of the "Rule of Four,” it is simply violating its own informal convention which, though referred to as a "rule,” has never been formally adopted. See New York v. Uplinger, 467 U.S. 246, 251, 104 S.Ct. 2332, 81 L.Ed.2d 201 (1984) (Stevens, J., concurring) ("the Rule of Four is a valuable, though not immutable, device for deciding when a case must be argued”). By contrast, the statute that sets forth our certiorari jurisdiction prohibits us from requiring more *66 than three affirmative votes to grant a writ of certiorari to review a case on the merits.